IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LEGG, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. |
| PTZ INSURANCE AGENCY, LTD. an Illinois Corporation, and PETHEALTH, INC. a Delaware Corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**CLASS ACTION COMPLAINT**

**INTRODUCTION**

1. Plaintiff Christopher Legg brings this action against Defendants, PTZ Insurance Agency, Ltd. ("PTZ") and PetHealth, Inc. ("PetHealth"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Plaintiff brings a claim pursuant to 47 U.S.C. §§ 227(b), 227(c) and the associated Federal Communications Commission ("FCC") Regulations, for unsolicited calls made to the cell phones of Plaintiff and others using an artificial or prerecorded voice, as well as for marketing calls made to persons who have registered their telephone number on the National Do Not Call List.

3. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA. Congress determined that federal legislation was needed because telemarketers, by operating

interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744, 181 L.Ed.2d 881 (2012). In an effort to enforce this fundamental right to privacy, Plaintiff files the instant class action complaint alleging violations of the TCPA.

4.  Defendants have caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies these calls, but also because consumers frequently have to pay their cell phone service providers for the receipt of such calls and such calls are an intrusion upon seclusion, diminish cellular battery life, and waste data storage capacity.

## JURISDICTION AND VENUE

5.  The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. *Mims*, 132 S. Ct. at 747. The Court further has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because (i) at least one member of the putative class is a citizen of a state different from Defendant, (ii) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (iii) none of the exceptions under that section apply to this action.

6.  This Court has personal jurisdiction over Defendant PTZ because it is headquartered and does business in this District. *See*, 28 U.S.C. § 1391(c)(2).

7.  This Court has personal jurisdiction over Defendant PetHealth because it owns property and does business in this District. *See*, *Id*.

8.  Thus, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

9.  Plaintiff Christopher Legg is a natural person and resident of Broward County, Florida. At all relevant times Plaintiff was the subscriber and sole user of the cellular telephone at issue.

10. Defendant PTZ is an Illinois corporation with its principle place of business at 3315 Algonquin Road, Suite 450, Rolling Meadows, IL 60008.

11. Defendant PetHealth is a Delaware corporation and parent company to Defendant PTZ. PetHealth maintains a registered agent for service of process, The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

12. In 1991 Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

13. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

14. After October 16, 2013, the FCC required that Defendants obtain prior **written** express consent to place telemarketing calls to cellular telephone numbers. *See In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1831 (2012).

## FACTS

15. Defendant PTZ is a subsidiary of Defendant PetHealth and offers a number of insurance products under brand names including "24PetWatch". See "Exhibit 1" attached.

16. Defendants, through their brand name "24PetWatch", provide a service whereby a microchip which stores a pet owner's personal information is placed inside a pet, and subsequently can be used to locate pets.

17. This microchip service is included as a part of many pet adoptions, and allows Defendants to collect information, including telephone numbers, from individuals who adopt pets.

18. On information and belief, Defendants purchase information about consumers, including telephone numbers, collected as a part of the pet adoption process from organizations such as The Humane Society.

19. Defendants then place telemarketing calls, some of which feature the use of prerecorded or artificially voiced messages, to the telephone numbers, including cellular telephone numbers, that they have collected.

20. Upon information and belief, Defendants or their agents have placed two or more telemarketing calls in a 12 month period to consumers who have registered their telephone numbers on the National Do Not Call Registry.

## FACTS RELATING TO PLAINTIFF

21. On or about November 8, 2014, Plaintiff adopted a kitten, "Woodstock", from the Florida Humane Society.

22. As a part of the adoption a microchip was placed in Woodstock and registered with "24PetWatch".

23. Subsequently, Plaintiff received at least three calls to his cellular telephone from the phone number 877-291-1524 ("the 1524 number").

24. The 1524 number is listed in 24PetWatch's promotional materials. See "Exhibit 2" attached.

25. On at least one occasion, Plaintiff received a prerecorded message on his cellular telephone's voice message service from the 1524 number. The message states:

> *…877-291-1524. …Are you still there? … Hello, we're calling from Playful PetWatch Pet Insurance to remind you that when you*

> *adopted your pet you were given a thirty (30) day gift of insurance and you only have one (1) day left to activate it. Protect your pet from the unexpected and press "1" now to activate your gift or call 1-877-291-1524.*

26. Plaintiff did not provide Defendants with permission to place such marketing phone calls to his cellular telephone.

27. Plaintiff was damaged by Defendants' calls. His privacy was wrongfully invaded, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated, unwanted phone calls forcing him to divert attention away from his work and other activities.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the Class)

28. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

29. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using . . . an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

30. Defendants, or their agent(s), made prerecorded calls to the cellular telephones of Plaintiff and the other members of the Classes defined below.

31. These calls were made without regard to whether or not Defendants had first obtained prior express written permission from the called party to make such calls. In fact, Defendants did not have prior express consent to call the cell phones of Plaintiff and the other members of the § 227(b) putative Class when the calls were made.

32. Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by making prerecorded non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class after October 16, 2013, without their written prior express permission.

33. Defendants knew that they did not have prior express consent to make these calls. The violations were therefore willful or knowing.

34. As a result of Defendants' conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls.

35. Because Defendants knew or should have known that Plaintiff and the other members of the putative Class had not given prior express consent to receive prerecorded voice calls to their cellular telephones – and/or willfully made prerecorded voice message to call the cell phones of Plaintiff and the other members of the Class without prior express – the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

## COUNT II
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the Class)**

36. Plaintiff re-alleges and incorporates the allegations preceding Count I as if fully set forth herein.

37. It is a violation of the TCPA for any person or entity to initiate any telephone solicitation to a residential or wireless subscriber who has registered their telephone number with the National Do Not Call Registry.

38. The FCC's TCPA regulations make it unlawful to "initiate" telemarketing calls to phone numbers registered on the national Do Not Call Registry or without maintaining a list of persons who request not to receive calls. Interpreting the meaning of the word "initiate" in its TCPA regulations, the FCC has clarified that a "person or entity 'initiates' a telephone call when it takes the steps necessary to physically place a telephone call." *In re Dish Network, LLC,* 28 F.C.C. Rcd. 6574, 6582–83 (2013). The FCC's interpretation of its regulations implementing the TCPA merits substantial deference. *Thomas Jefferson Univ. v. Shalala,* 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994) (reviewing courts "must give substantial deference to an agency's interpretation of its own regulations"); s*ee CE Design, Ltd. v. Prism Business Media, Inc.*, 606 F.3d 443, 450 (7th Cir. 2010).

39. Plaintiff and members of the putative Class have received more than one telephone call within a twelve (12) month period in violation of the regulations set forth in 47 C.F.R. 64.1200.

40. As a result of Defendants' conduct and pursuant to § 227(c)(5) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls.

## CLASS ALLEGATIONS

41. Plaintiff brings this case on behalf of Classes defined as follows, subject to amendment as appropriate:

### § 227(b) Class

*(1) All persons in the United States (2) who Defendants or some person on Defendants' behalf (3) called on their cell phone using an artificial or prerecorded voice message (4) where the recipient did not give prior express written consent to Defendants to receive automated marketing calls (5) in the period between October 16, 2013 to the filing of this action.*

**§ 227(c) Class**

*(1) All persons in the United States (2) who Defendant or some person on Defendants' behalf (3) initiated more than one telephone solicitations (4) to a telephone number registered with the National Do Not Call Registry (5) where the subject telephone number had been registered more than thirty-one days prior to the initiation of the telephone solicitations (6) within any twelve month period within four years prior to the filing of this action.*

42. Upon information and belief, Defendants or their affiliates called more than 100 members of the putative Classes during the four years prior to the filing of this action.

43. Common questions of law or fact exist as to all members of the putative Classes and predominate over any question solely affecting any individual member, including Plaintiff. Such questions common to the Classes include but are not limited to:

    a. Whether Defendants used "artificial or prerecorded voice" calls as such terms are defined or understood under the TCPA and applicable FCC regulations and orders;

    b. Whether Defendants had prior express written permission to contact Plaintiff and the other members of the putative Classes when they made calls to their cell phones using an artificial or prerecorded voice;

    c. The amount of damages, including whether Defendants' violations were performed willfully or knowingly such that Plaintiff and the members of the putative Classes are entitled to trebled damages; and

    d. Whether Defendants' calls constitute telephone solicitations.

44. Plaintiff's claims are typical of the claims of the other members of the putative Classes. The factual and legal bases of Defendants' liability to Plaintiff and the other members of the putative Classes are the same: Defendants violated the TCPA by causing the cellular telephone

number of each member of the putative Classes, including Plaintiff, to be called using a prerecorded voice message without prior express written permission.

45. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff has no interests that might conflict with the interests of the Classes. Plaintiff is interested in pursuing his claim vigorously, and has retained counsel competent and experienced in class and complex litigation, including with regards to the claims alleged herein.

46. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are, on information and belief, hundreds of members of the putative Classes, such that joinder of all members is impracticable.

47. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

48. Defendants have acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Classes, thereby making final injunctive relief and corresponding declaratory relief appropriate with respect to the Classes as a whole. Prosecution of separate actions by individual members of the putative Classes, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the Classes that would establish incompatible standards of conduct.

49. The identity of the Classes is, on information and belief, readily identifiable from the records of Defendants and/or any affiliated marketers, and the National Do Not Call Registry.

WHEREFORE, Plaintiff Christopher Legg, on behalf of himself and the other members of the Classes, prays for the following relief:

a. A declaration that Defendants' practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b. An injunction prohibiting Defendants from using an artificial or prerecorded voice message to call numbers assigned to cellular telephones without the prior express written permission of the called party;

c. An injunction prohibiting Defendants from initiating telephone solicitations to persons who have registered their telephone numbers with the National Do Not Call Registry;

d. An award of actual damages;

e. An award of statutory damages for Plaintiff and each Class member in the amount of $500.00 for each and every call that violated the TCPA;

f. An award of treble damages, as provided by statute, of up to $1,500.00 for Plaintiff and each Class member for each and every call that violated the TCPA;

g. An order certifying this action to be a proper class action pursuant to the Federal Rules of Civil Procedure 23, establishing the appropriate Classes and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes; and

h. Such further and other relief the Court deems reasonable and just.

Dated: December 15, 2014

                                                        Respectfully submitted,

By: */s/ Keith J. Keogh*
Keith J. Keogh
One of Plaintiff's attorneys

| | |
|---|---|
| Keith J. Keogh | Scott D. Owens[*] |
| Timothy Sostrin | scott@scottdowens.com |
| Michael Hilicki | Patrick C. Crotty[*] |
| Katherine M. Bowen | patrick@scottdowens.com |
| Keogh Law, Ltd. | SCOTT D. OWENS, P.A. |
| 55 W. Monroe St., Ste, 3390 | 3800 S. Ocean Drive, Ste. 235 |
| Chicago, IL 60603 | Hollywood, FL 33019 |
| Tel:    (312) 726-1092 | Telephone: (954) 589-0588 |
| Fax:   (312) 726-1093 | Facsimile: (954) 337-0666 |
| Keith@Keoghlaw.com | |

[*] Seeking admission *pro hac vice*.

## JURY DEMAND

Plaintiff demands trial by jury.

By: */s/ Keith J. Keogh*

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendants place a formal litigation hold as to any documents or data relating to the allegations in this case. Specifically, and without limitation, Plaintiff requests that all marketing call records, documents and data that might bear on prior express consent or any other defense, all documents and communications regarding use of any type of instrumentality, hardware, software or hosted telephone dialer communications between the parties regarding marketing by phone, contracts and agreements between the parties, documentation regarding marketing "leads", calls made to those leads and whether (and to whom) sales were made be preserved. This list is non-exhaustive.