**IN THE UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| CHRISTOPHER LEGG, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 1:14-cv-10043 |
| Plaintiff, | ) ) | |
| vs. | ) ) | Judge Robert Gettleman |
| PTZ INSURANCE AGENCY, LTD. an Illinois Corporation, and PETHEALTH, INC. a Delaware Corporation, | ) ) ) ) | Magistrate Judge Young B. Kim |
| Defendants. | ) ) ) | |

ANSWER OF PTZ INSURANCE AGENCY, LTD. AND PETHEALTH, INC.

TO CLASS ACTION COMPLAINT

Defendants PTZ Insurance Agency, Ltd., an Illinois corporation ("PTZ") and Pethealth, Inc., a Delaware corporation ("Pethealth") respectfully submit the following Answer to Plaintiff Christopher Legg's ("Plaintiff") putative Class Action Complaint ("Complaint"). PTZ and Pethealth are sometimes collectively referred to herein as "Defendants." For purposes of clarity, the headings used in the Complaint are used herein, but Defendants deny the factual allegations contained in or implied in such headings.

INTRODUCTION

1.      Plaintiff Christopher Legg brings this action against Defendants, PTZ Insurance Agency, Ltd. ("PTZ") and PetHealth, Inc. ("PetHealth"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

ANSWER:

Defendants deny that they have violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), in any way. Defendants otherwise lack sufficient knowledge to admit or

deny the allegations contained in Paragraph 1 of the Complaint and therefore deny the allegations in their entirety.

2.       Plaintiff brings a claim pursuant to 47 U.S.C. §§ 227(b), 227(c) and the associated Federal Communications Commission ("FCC") Regulations, for unsolicited calls made to the cell phones of Plaintiff and others using an artificial or prerecorded voice, as well as for marketing calls made to persons who have registered their telephone number on the National Do Not Call List.

ANSWER:

Defendants deny that they make unsolicited calls to cell phones using an artificial or prerecorded voice. Defendants further deny that they make marketing calls to persons who have registered their telephone number on the National Do Not Call List in violation of the TCPA or the FCC's implementing regulations. Defendants otherwise lack sufficient knowledge to admit or deny the allegations contained in Paragraph 2 of the Complaint.

3.       "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA. Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744, 181 L.Ed.2d 881 (2012). In an effort to enforce this fundamental right to privacy, Plaintiff files the instant class action complaint alleging violations of the TCPA.

ANSWER:

Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 3 of the Complaint with respect to Plaintiff's purpose for filing the action and on that basis deny the allegations. With respect to the remaining allegations in Paragraph 3 of the

- 2 -

Complaint, such allegations contain legal contentions and conclusions to which no response is required or are not capable of response, as they purport to quote text from the case law cited.

4.      Defendants have caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies these calls, but also because consumers frequently have to pay their cell phone service providers for the receipt of such calls and such calls are an intrusion upon seclusion, diminish cellular battery life, and waste data storage capacity.

      ANSWER:

      Defendants deny each and every allegation contained in Paragraph 4 of the Complaint.

JURISDICTION AND VENUE

5.      The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. *Mims*, 132 S. Ct. at 747. The Court further has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because (i) at least one member of the putative class is a citizen of a state different from Defendant, (ii) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (iii) none of the exceptions under that section apply to this action.

      ANSWER:

      Defendants admit that the Court has federal question jurisdiction over this action. Except as expressly admitted, Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 5 of the Complaint and on that basis deny each and every remaining allegation.

6.      This Court has personal jurisdiction over Defendant PTZ because it is headquartered and does business in this District. *See*, 28 U.S.C. § 1391(c)(2).

- 3 -

ANSWER:

Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7.    This Court has personal jurisdiction over Defendant PetHealth because it owns property and does business in this District. *See*, *Id*.

ANSWER:

Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8.    Thus, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

ANSWER:

Defendants admit the allegations contained in Paragraph 8 of the Complaint.


PARTIES

9.    Plaintiff Christopher Legg is a natural person and resident of Broward County, Florida. At all relevant times Plaintiff was the subscriber and sole user of the cellular telephone at issue.

ANSWER:

Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 9 of the Complaint and, on that basis, deny each and every allegation.

10.    Defendant PTZ is an Illinois corporation with its principle place of business at 3315 Algonquin Road, Suite 450, Rolling Meadows, IL 60008.

ANSWER:

Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11.    Defendant PetHealth is a Delaware corporation and parent company to Defendant PTZ. PetHealth maintains a registered agent for service of process, The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

- 4 -

ANSWER:

Defendants admit the allegations contained in Paragraph 11 of the Complaint.


THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

12.     In 1991 Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

ANSWER:

Paragraph 12 of the Complaint contains legal contentions and conclusions to which no response is required. To the extent that a response is deemed necessary, Defendants admit the TCPA was enacted in 1991, but deny the remaining allegations to the extent they suggest any particular motivation as the sole reason for enactment of the law.


13.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

ANSWER:

Paragraph 13 of the Complaint contains legal contentions and conclusions to which no response is required. To the extent a response is deemed required, Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 13 of the Complaint and, on that basis, deny each and every allegation.


14.     After October 16, 2013, the FCC required that Defendants obtain prior written express consent to place telemarketing calls to cellular telephone numbers. *See In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1831 (2012).

- 5 -

ANSWER:

Paragraph 14 of the Complaint contains legal contentions and conclusions to which no response is required. Paragraph 14 also paraphrases a written document, which speaks for itself and is the best evidence of its contents. To the extent a response is deemed required, Defendants admit the FCC issued In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1831 (2012).

FACTS

15.    Defendant PTZ is a subsidiary of Defendant PetHealth and offers a number of insurance products under brand names including "24PetWatch". *See* "Exhibit 1" attached.

ANSWER:

Defendants admit the allegations contained in Paragraph 15 of the Complaint.

16.    Defendants, through their brand name "24PetWatch", provide a service whereby a microchip which stores a pet owner's personal information is placed inside a pet, and subsequently can be used to locate pets.

ANSWER:

Defendants admit the allegations contained in Paragraph 16 of the Complaint.

17.    This microchip service is included as a part of many pet adoptions, and allows Defendants to collect information, including telephone numbers, from individuals who adopt pets.

ANSWER:

Defendants admit that customers provide contact information in the event their pet is lost. Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 17 of the Complaint and, on that basis, deny such allegations.

- 6 -

18.     On information and belief, Defendants purchase information about consumers, including telephone numbers, collected as a part of the pet adoption process from organizations such as The Humane Society.

ANSWER:

Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.     Defendants then place telemarketing calls, some of which feature the use of prerecorded or artificially voiced messages, to the telephone numbers, including cellular telephone numbers, that they have collected.

ANSWER:

Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.     Upon information and belief, Defendants or their agents have placed two or more telemarketing calls in a 12 month period to consumers who have registered their telephone numbers on the National Do Not Call Registry.

ANSWER:

Defendants deny the allegations contained in Paragraph 20 of the Complaint.


FACTS RELATING TO PLAINTIFF

21.     On or about November 8, 2014, Plaintiff adopted a kitten, "Woodstock", from the Florida Humane Society.


ANSWER:

Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 21 of the Complaint and, on that basis, deny each and every allegation.

QB\32761590.1

22.     As a part of the adoption a microchip was placed in Woodstock and registered with "24PetWatch".

        ANSWER:

        Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 22 of the Complaint and, on that basis, deny each and every allegation.

23.     Subsequently, Plaintiff received at least three calls to his cellular telephone from the phone number 877-291-1524 ("the 1524 number").

        ANSWER:

        Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 23 of the Complaint and, on that basis, deny each and every allegation.

24.     The 1524 number is listed in 24PetWatch's promotional materials. *See* "Exhibit 2" attached.

        ANSWER:

        Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 24 of the Complaint and, on that basis, deny each and every allegation.

25.     On at least one occasion, Plaintiff received a prerecorded message on his cellular telephone's voice message service from the 1524 number. The message states:

>               *...877-291-1524. ...Are you still there? ... Hello, we're calling from Playful PetWatch Pet Insurance to remind you that when you adopted your pet you were given a thirty (30) day gift of insurance and you only have one (1) day left to activate it. Protect your pet from the unexpected and press "1" now to activate your gift or call 1-877-291-1524.*

        ANSWER:

        Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 25 of the Complaint and, on that basis, deny each and every allegation.

- 8 -

26.     Plaintiff did not provide Defendants with permission to place such marketing phone calls to his cellular telephone.

ANSWER:

Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.     Plaintiff was damaged by Defendants' calls. His privacy was wrongfully invaded, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated, unwanted phone calls forcing him to divert attention away from his work and other activities.

ANSWER:

Paragraph 27 of the Complaint contains legal contentions and conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 27 of the Complaint.


COUNT I

Violations of the TCPA, 47 U.S.C. § 227(b)

(On Behalf of Plaintiff and the Class)

28.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

ANSWER:

In response to Paragraph 28 of the Complaint, Defendants re-allege and incorporate herein their responses to each and every allegations contained above as though fully set forth herein.

29.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using . . . an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

- 9 -

ANSWER:

Paragraph 29 of the Complaint contains legal contentions and conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 29 of the Complaint to the extent that Plaintiff purports to characterize the statute cited.

30.    Defendants, or their agent(s), made prerecorded calls to the cellular telephones of Plaintiff and the other members of the Classes defined below.

ANSWER:

Defendants lack sufficient knowledge with which to admit or deny the allegations contained in Paragraph 30 of the Complaint and, on that basis, deny the allegations. To the extent Paragraph 30 attempts to incorporate claims related to Plaintiff's putative class claims, Defendants further deny that this action is properly maintainable as a class action.

31.    These calls were made without regard to whether or not Defendants had first obtained prior express written permission from the called party to make such calls. In fact, Defendants did not have prior express consent to call the cell phones of Plaintiff and the other members of the § 227(b) putative Class when the calls were made.

ANSWER:

Defendants deny the allegations contained in Paragraph 31 of the Complaint. Further, to the extent Paragraph 31 attempts to incorporate claims related to Plaintiff's putative class claims, Defendants deny that this action is properly maintainable as a class action.

32.    Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by making prerecorded non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class after October 16, 2013, without their written prior express permission.

- 10 -

ANSWER:

Defendants deny the allegations contained in Paragraph 32 of the Complaint. Further, to the extent Paragraph 32 attempts to incorporate claims related to Plaintiff's putative class claims, Defendants deny that this action is properly maintainable as a class action.

33. Defendants knew that they did not have prior express consent to make these calls. The violations were therefore willful or knowing.

ANSWER:

Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. As a result of Defendants' conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls.

ANSWER:

Defendants deny the allegations contained in Paragraph 34 of the Complaint. Further, to the extent Paragraph 34 attempts to incorporate claims related to Plaintiff's putative class claims, Defendants deny that this action is properly maintainable as a class action.

35. Because Defendants knew or should have known that Plaintiff and the other members of the putative Class had not given prior express consent to receive prerecorded voice calls to their cellular telephones – and/or willfully made prerecorded voice message to call the cell phones of Plaintiff and the other members of the Class without prior express – the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

ANSWER:

Defendants deny the allegations contained in Paragraph 35 of the Complaint. To the extent Paragraph 35 attempts to incorporate claims related to Plaintiff's putative class claims, Defendants deny that this action is properly maintainable as a class action.

COUNT II

Violations of the TCPA, 47 U.S.C. § 227(c)

(On Behalf of Plaintiff and the Class)

36.     Plaintiff re-alleges and incorporates the allegations preceding Count I as if fully set forth herein.

ANSWER:

In response to Paragraph 36 of the Complaint, Defendants re-allege and incorporate herein their responses to each and every allegation contained above as though fully set forth herein.

37.     It is a violation of the TCPA for any person or entity to initiate any telephone solicitation to a residential or wireless subscriber who has registered their telephone number with the National Do Not Call Registry.

ANSWER:

Paragraph 37 of the Complaint contains legal contentions and conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 37 of the Complaint to the extent that Plaintiff purports to characterize the statute cited.

38.     The FCC's TCPA regulations make it unlawful to "initiate" telemarketing calls to phone numbers registered on the national Do Not Call Registry or without maintaining a list of persons who request not to receive calls. Interpreting the meaning of the word "initiate" in its TCPA

- 12 -

regulations, the FCC has clarified that a "person or entity 'initiates' a telephone call when it takes the steps necessary to physically place a telephone call." *In re Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6582–83 (2013). The FCC's interpretation of its regulations implementing the TCPA merits substantial deference. *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994) (reviewing courts "must give substantial deference to an agency's interpretation of its own regulations"); s*ee CE Design, Ltd. v. Prism Business Media, Inc.*, 606 F.3d 443, 450 (7th Cir. 2010).

ANSWER:

Paragraph 38 of the Complaint contains legal contentions and conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 38 of the Complaint to the extent that Plaintiff purports to characterize the authorities cited.

39. Plaintiff and members of the putative Class have received more than one telephone call within a twelve (12) month period in violation of the regulations set forth in 47 C.F.R. 64.1200.

ANSWER:

Defendants lack sufficient knowledge with which to admit or deny the allegations contained in Paragraph 39 of the Complaint and, on that basis, deny each and every allegation. To the extent Paragraph 39 attempts to incorporate claims related to Plaintiff's putative class claims, Defendants deny that this action is properly maintainable as a class action

40. As a result of Defendants' conduct and pursuant to § 227(c)(5) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls.

ANSWER:

Defendants deny the allegations contained in Paragraph 40 of the Complaint. To the extent Paragraph 40 attempts to incorporate claims related to Plaintiff's putative class claims, Defendants deny that this action is properly maintainable as a class action.

CLASS ALLEGATIONS

41.     Plaintiff brings this case on behalf of Classes defined as follows, subject to amendment as appropriate:

> § 227(b) Class
>
> *(1) All persons in the United States (2) who Defendants or some person on Defendants' behalf (3) called on their cell phone using an artificial or prerecorded voice message (4) where the recipient did not give prior express written consent to Defendants to receive automated marketing calls (5) in the period between October 16, 2013 to the filing of this action.*
>
> § 227(c) Class
>
> *(1) All persons in the United States (2) who Defendant or some person on Defendants' behalf (3) initiated more than one telephone solicitations (4) to a telephone number registered with the National Do Not Call Registry (5) where the subject telephone number had been registered more than thirty-one days prior to the initiation of the telephone solicitations (6) within any twelve month period within four years prior to the filing of this action.*

ANSWER:

Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 41 of the Complaint and, on that basis, deny each and every allegation. Defendants further deny that this action is properly maintainable as a class action, or that Plaintiff and/or any purported class member is entitled to relief whatsoever.

- 14 -

42.     Upon information and belief, Defendants or their affiliates called more than 100 members of the putative Classes during the four years prior to the filing of this action.

ANSWER:

Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 42 of the Complaint and, on that basis, deny each and every allegation. Defendants further deny that this action is properly maintainable as a class action, or that Plaintiff and/or any purported class member is entitled to relief whatsoever.

43.     Common questions of law or fact exist as to all members of the putative Classes and predominate over any question solely affecting any individual member, including Plaintiff. Such questions common to the Classes include but are not limited to:

> a.  Whether Defendants used "artificial or prerecorded voice" calls as such terms are defined or understood under the TCPA and applicable FCC regulations and orders;
>
> b.  Whether Defendants had prior express written permission to contact Plaintiff and the other members of the putative Classes when they made calls to their cell phones using an artificial or prerecorded voice;
>
> c.  The amount of damages, including whether Defendants' violations were performed willfully or knowingly such that Plaintiff and the members of the putative Classes are entitled to trebled damages; and d. Whether Defendants' calls constitute telephone solicitations.

ANSWER:

Paragraph 43 of the Complaint, including its subparts, contains legal contentions and conclusions to which no response is required. To the extent a response may be deemed required, Defendants deny that this action is properly maintainable as a class action, or that Plaintiff and/or any purported class member is entitled to relief whatsoever.

44.     Plaintiff's claims are typical of the claims of the other members of the putative Classes. The factual and legal bases of Defendants' liability to Plaintiff and the other members of the putative Classes are the same: Defendants violated the TCPA by causing the cellular telephone

- 15 -

number of each member of the putative Classes, including Plaintiff, to be called using a prerecorded voice message without prior express written permission.

ANSWER:

Paragraph 44 of the Complaint contains legal contentions and conclusions to which no response is required. To the extent a response may be deemed required, Defendants deny that this action is properly maintainable as a class action, or that Plaintiff and/or any purported class member is entitled to relief whatsoever.

45.     Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff has no interests that might conflict with the interests of the Classes. Plaintiff is interested in pursuing his claim vigorously, and has retained counsel competent and experienced in class and complex litigation, including with regards to the claims alleged herein.

ANSWER:

Paragraph 45 of the Complaint, including its subparts, contains legal contentions and conclusions to which no response is required. To the extent a response may be deemed required, Defendants deny that this action is properly maintainable as a class action, or that Plaintiff and/or any purported class member is entitled to relief whatsoever.

46.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are, on information and belief, hundreds of members of the putative Classes, such that joinder of all members is impracticable.

ANSWER:

Paragraph 46 of the Complaint, including its subparts, contains legal contentions and conclusions to which no response is required. To the extent a response may be deemed required,

QB\32761590.1

Defendants deny that this action is properly maintainable as a class action, or that Plaintiff and/or any purported class member is entitled to relief whatsoever.

47.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

ANSWER:

Paragraph 47 of the Complaint, including its subparts, contains legal contentions and conclusions to which no response is required. To the extent a response may be deemed required, Defendants deny that this action is properly maintainable as a class action, or that Plaintiff and/or any purported class member is entitled to relief whatsoever.

48.     Defendants have acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Classes, thereby making final injunctive relief and corresponding declaratory relief appropriate with respect to the Classes as a whole. Prosecution of separate actions by individual members of the putative Classes, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the Classes that would establish incompatible standards of conduct.

ANSWER:

Paragraph 48 of the Complaint, including its subparts, contains legal contentions and conclusions to which no response is required. To the extent a response may be deemed required, Defendants deny that this action is properly maintainable as a class action, or that Plaintiff and/or any purported class member is entitled to relief whatsoever.

49.     The identity of the Classes is, on information and belief, readily identifiable from the records of Defendants and/or any affiliated marketers, and the National Do Not Call Registry.

- 17 -

ANSWER:

Paragraph 49 of the Complaint, including its subparts, contains legal contentions and conclusions to which no response is required. To the extent a response may be deemed required, Defendants deny that this action is properly maintainable as a class action, or that Plaintiff and/or any purported class member is entitled to relief whatsoever.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Failure to State a Claim)

1.    The Complaint, and each and every claim contained therein, fails to state a claim against Defendants on which relief can be granted.

### Second Affirmative Defense

### (Prior Express Consent)

2.    The Complaint and the claims stated therein fail to state facts sufficient to state any claim against Defendants because Plaintiff provided his prior express consent to receive telephonic communications from Defendants.

### Third Affirmative Defense

### (Prior Express Written Consent)

3.    The Complaint and the claims stated therein fail to state facts sufficient to state any claim against Defendants because Plaintiff provided his prior express written consent to receive telephonic communications from Defendants.

QB\32761590.1

## Fourth Affirmative Defense

### (Lack of Standing/Capacity)

4.     Plaintiff lacks standing to bring or maintain the claims asserted in the Complaint because Plaintiff has not sustained any injuries as a result of any actions for which Defendants are purportedly responsible. In addition, Plaintiff does not have standing to represent the putative class members in the purported class action.

## Fifth Affirmative Defense

### (Statute of Limitations)

5.     Some or all of Plaintiff's claims are barred by applicable statute of limitations.

## Sixth Affirmative Defense

### (Laches)

6.     Plaintiff's claims are barred in whole or in part by the doctrine of laches.

## Seventh Affirmative Defense

### (Acquiescence)

7.     Plaintiff's claims are barred in whole or in part because Plaintiff consented to, ratified, or acquiesced in all of the alleged acts or omissions of which he complains.

## Eighth Affirmative Defense

### (Privileged)

8.     Defendants' conduct was privileged.

## Ninth Affirmative Defense

### (Unclean Hands)

9.     Upon information and belief, Defendants allege that the Complaint and the causes of action therein are barred by the doctrine of unclean hands.

QB\32761590.1

## Tenth Affirmative Defense

### (Estoppel)

10.     Due to Plaintiff's own action and inactions, and Defendants' reasonable reliance thereon, Plaintiff is estopped from maintaining the claims for relief set forth in the Complaint.

## Eleventh Affirmative Defense

### (Balancing Equities)

11.     The equities in this case weigh against the relief the Plaintiff seeks.

## Twelfth Affirmative Defense

### (Compliance with Other Laws)

12.     All conduct and activity of Defendants alleged in the Complaint conform to or exceed all regulatory, statutory, constitutional, and common law requirements.

## Thirteenth Affirmative Defense

### (Justification)

13.     Both by statute and by common law, Defendants were justified in acting as they did. Accordingly, Defendants cannot be held liable for Plaintiff's damages, if any there be.

## Fourteenth Affirmative Defense

### (Good Faith)

14.     Defendants acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by Defendants and at the time Defendants so acted. Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

## Fifteenth Affirmative Defense

### (Waiver)

15.     By reason of Plaintiff's actions, representations, conduct and/or omissions to act, Plaintiff has waived each and every alleged cause of action against Defendants set forth in the Complaint.

QB\32761590.1

## Sixteenth Affirmative Defense

### (Discharge of Duty)

16.     Defendants have appropriately, completely and fully performed and discharged any and all obligations and legal duties, if any, arising out of the matters alleged in the Complaint.

## Seventeenth Affirmative Defense

### (No Agency)

17.     Person or entities other than Defendants were responsible for the conduct alleged in the Complaint, and Defendants were and are not responsible for the conduct of those other persons or entities.

## Eighteenth Affirmative Defense

### (Failure to Mitigate)

18.     Plaintiff may be barred in whole or in part from recovery by reason of his failure to mitigate any harm to him, if in fact any injury has been sustained. Any recovery by Plaintiff must be reduced or barred by reason thereof.

## Nineteenth Affirmative Defense

### (Intervening Cause)

19.     Any alleged injury to Plaintiff was the result of an intervening cause on the part of third parties, such that the intervening cause bars any recovery by Plaintiff.

## Twentieth Affirmative Defense

### (Liability of Third Persons)

20.     The damages sustained by Plaintiff, if any, were proximately caused by the fault of persons other than Defendants.

QB\32761590.1

### Twenty-First Affirmative Defense

#### (Release)

21.     The Complaint, and each purported cause of action therein, is barred in whole or in part, to the extent that Plaintiff has released any claims against Defendants.

### Twenty-Second Affirmative Defense

#### (Offset)

22.     If Defendants are found to be liable to Plaintiff, Defendants are entitled to an offset of all sums found to be owing from Plaintiff to Defendants, if any.

### Twenty-Third Affirmative Defense

#### (Mootness)

23.     The claims of the Complaint are barred to the extent they have become moot.

### Twenty-Fourth Affirmative Defense

#### (Lack of Specificity)

24.     The Complaint and the causes of action therein lack the specificity required by law, such as to allow this Court to provide Plaintiff the relief he seeks.

### Twenty-Fifth Affirmative Defense

#### (Unjust Enrichment)

25.     Plaintiff would be unjustly enriched if allowed to recover on this Complaint.

### Twenty-Sixth Affirmative Defense

#### (Adequate Remedy at Law)

26.     Plaintiff's requested equitable remedies are barred in light of the fact that Plaintiff has an adequate remedy at law.

QB\32761590.1

## Twenty-Seventh Affirmative Defense

### (Impossibility of Ascertaining Alleged Sums to be Restored)

27.     The Complaint, and each purported claim contained therein, is barred, in whole or in part, because the alleged sums to be restored to allegedly injured parties, if any, are speculative, uncertain, and incapable of calculation, thus it is impossible to ascertain and allocate such alleged sums.

## Twenty-Eighth Affirmative Defense

### (Reservation of Defenses)

28.     Defendants allege all other affirmative defenses that may potentially become available as a result of information developed through discovery or trial.

## DEMAND FOR JURY TRIAL

Trial by jury is hereby demanded on any matters where such a trial is available.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that this Court enter judgment in Defendants' favor as follows:

1.      That the Complaint herein, and each purported claim for relief contained therein, be dismissed with prejudice, and that judgment be entered for Defendants;

2.      That Plaintiff takes nothing;

3.      That Defendants be awarded reasonable attorneys' fees;

4.      That Defendants be awarded costs of suit herein; and

5.      That Defendants be awarded such other and further relief as the Court may deem just and proper.

- 23 -

Dated: January 27, 2015

                                        Respectfully submitted,

                                         By: */s/ Nicole M. Murray*

                                         Nicole M. Murray

                                         One of Defendants' attorneys

| | |
|---|---|
| Christine A. Scheuneman | Nicole M. Murray |
| Pillsbury Winthrop Shaw Pittman LLP | Christopher J. Zdarsky |
| 725 South Figueroa Street, Suite 2800 | Quarles & Brady LLP |
| Los Angeles, California 90017 | 300 N. LaSalle St., Suite 4000 |
| Tel: (213) 488-7487 | Chicago, Illinois 60654 |
| Fax: (213) 629-1033 | Tel: (312) 715-5241 |
| christine.scheuneman@pillsburylaw.com | Fax: (312) 632-1780 |
| | nicole.murray@quarles.com |
| | christopher.zdarsky@quarles.com |

## <u>CERTIFICATE OF SERVICE</u>

I, Nicole M. Murray, an attorney, certify that on **January 27, 2015**, I caused the foregoing **ANSWER OF PTZ INSURANCE AGENCY, LTD. AND PETHEALTH, INC. TO CLASS ACTION COMPLAINT** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record at their e-mail addresses on file with the Court.


*/s/ Nicole M. Murray*

QB\32761590.1