IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER LEGG and PAGE LOZANO, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PTZ INSURANCE AGENCY, LTD., an Illinois corporation, and PETHEALTH, INC., a Delaware corporation, <br><br> Defendants. | Case No. 14 C 10043 <br><br> Judge Robert W. Gettleman |

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs Christopher Legg and Page Lozano brought a three count second amended putative class action complaint against defendants PTZ Insurance Agency, Ltd. and Pethealth, Inc., alleging that defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b) by: (1) placing unsolicited "advertising robocalls" to plaintiffs' cellular phones; (2) placing unsolicited telemarketing calls to plaintiffs' cellular phones[1]; and (3) placing robocalls to plaintiffs' cellular phones. After the court granted defendants' motion to strike the class allegations and denied plaintiffs' motion to certify a class (Doc. 287), plaintiffs moved for summary judgment on their "unsolicited advertising" robocall claims. During the course of briefing, plaintiff Lozano accepted defendants' offer of judgment, leaving only plaintiff Legg's

---

[1] The court has already held that the calls in question are not telemarketing as defined by the TCPA (Doc. 223).

claim.  For the reasons described below, plaintiff Legg's motion for summary judgment (Doc. 304) is granted in part and denied in part.

## BACKGROUND

Defendant Pethealth, Inc. ("Pethealth") is a holding company with numerous subsidiaries under what can be described as the Pethealth umbrella.  Pethealth, through its subsidiaries, offers consumers various services related to pet adoption and pet insurance.  Once such service offered by defendant PTZ in conjunction with pet adoptions is an initial 30-day free gift of pet health insurance.  This 30-day free gift is actually offered to pet adopters at PTZ's partner animal shelters, generally to those adopters of pets that have a microchip implanted for safety.  The shelters use software provided by PTZ to gather information from adopters during the adoption process for the purposes of registering the microchip and providing the 30-day free gift.  To receive the free gift, the adopter must provide a valid email address and "opt-in" to receiving communications from PTZ via email.

During the adoption process, the adopters fill out paperwork providing the shelter with their names, addresses, email addresses, and telephone numbers.  The paperwork provides that unless adopters opt-out, they may be sent information and special offers by mail or email regarding products or services that may be of interest, and that their personal information may be shared with third parties so those third parties may "contact you by mail or email for their own marketing purposes."

Adopters are sent at least two emails reminding them of the 30-day gift.  In addition, they receive what plaintiff describes as two pre-recorded advertising robocalls.  The first call (the "Day Two Call") states:

> Hi from the 24PetWatch Insurance Team.[2] This is a friendly reminder to please confirm your 30-day gift of insurance if you haven't done so already. It's easy, check your inbox for the 24PetWatch email, click on the link, and confirm your gift. If you have already confirmed, press 1 now to speak to a representative to extend your gift for [ ] days at absolutely no cost to you. Have a great day and congratulations on adopting your new best friend.

The second call (the "Day Six Call") states:

> Hello- We're calling from 24PetWatch Pet Insurance to remind you that when you adopted your pet, you were given a 30-day Gift of Insurance, and you only have [ ] day[ ] to activate it. Protect your pet from the unexpected and press 1 now to activate it or call 1-877-291-1524.

On November 8, 2014, plaintiff Legg adopted a kitten from the Florida Humane Society which had operated a booth at a local PetSmart store in Florida. As part of the adoption process, the kitten was fitted with a microchip and registered with 24PetWatch.

During the adoption process, plaintiff completed and signed paperwork with PetSmart and the Florida Humane Society, providing his name, address, telephone number and email address. The paperwork he signed indicated that he may receive "information and special offers by mail or email." He "opted-in" to receive communications from Petheath, Inc., but did not sign anything or check off any computer screen shot that indicated that he had agreed to receive telephone communications. The paperwork he signed specified only "mail or email" communications.

After adopting his pet, plaintiff received four pre-recorded calls on his cellular phone from plaintiffs, offering the 30-day free gift from 24PetWatch. It is unclear whether any of those calls were the day two call, but it is undisputed that he received at least one day six call.

---

[2] 24PetWatch Insurance is an assumed named used by PTZ.

3

## **DISCUSSION**

Plaintiff has moved for summary judgment, arguing that defendants made four unsolicited "advertising" calls to his cellular phone without his express written consent. Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of establishing both elements, Becker v. Tenenbaum-Hill Assocs., Inc., 914 F.2d 107, 110 (7th Cir. 1990), and all reasonable inferences are drawn in the non-movant's favor. Fisher v. Transco-Services-Milwaukee, Inc., 979 F.2d 1239, 1242 (7th Cir. 1992). If the movant satisfies its burden, then the non-movant must set forth specific facts showing there is a genuine issue for trial. Nitz v. Craig, 2013 WL 593851 *2 (N.D. Ill. Feb. 12, 2013). In doing so, the non-movant cannot simply show some metaphysical doubt as to the material facts. Pignato v. Givaudan Flavors Corp., 2013 WL 995157 *2 (N.D. Ill. Mar. 13, 2013) (citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). Summary judgment is inappropriate when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The TCPA makes it unlawful for any person to make a call using an automated dialing system ("ATDS") or pre-recorded voice to a cellular telephone. 47 U.S.C. § 227(b)(1)(A)(ii). The FCC's implementing regulations make it unlawful to use a pre-recorded voice to initiate a call to a cellular phone that "includes or introduces an advertisement . . . other than a call made with the prior express written consent of the called party . . . ." 47 C.F.R. § 64.1200(a)(1-2).

Advertisement is defined as "any material advertising the commercial availability or quality of any property, goods, or services." 47 C.F.R. § 64.1200(f)(1). Whether a call

4

includes or introduces an advertisement depends entirely on the "content" of the call, as opposed to the "context or purpose," which determines whether a call constitutes telemarketing. See Golan v. Veritas Entm't, LLC, 788 F.3d 814, 820 (8th Cir. 2015). Therefore, the court must examine each call to determine whether it includes or introduces an advertisement, which in turn determines what form of consent is needed – prior express written consent for advertisements, or simply prior express consent for calls that are not advertisements.

Defendants argue that neither of the two calls includes or introduces the commercial availability of any product. Instead, according to defendants, both calls are simply reminders of a free gift. Defendants are only partially correct. The Day Two Call does more than simply remind the recipient of the free gift. It points the recipient to an email sent from 24Pethealth (PTZ). That email provides:

> Dear Christopher Legg,
>
> You have only 24 hours left to confirm your 24PetWatch 30-day Gift of Insurance. Click here to confirm your gift now before this offer expires.
>
> Don't forget that new adopters are also eligible for an $8.95 credit towards one of our comprehensive insurance policies; please call one of our agents at 1-877-291-1524 to find out about this upgrade today!

This email obviously touts the commercial availability of a product, and constitutes an advertisement as defined by the regulations. Because the Day Two Call introduces this email, the court concludes that the Day Two Call is an advertisement that requires prior express written consent. The court rejects defendant's argument that it cannot look beyond the content of the call to demonstrate that they are advertisements. The regulation prohibits calls that include or introduces an advertisement. As plaintiff points out, numerous courts have held that

5

communications are advertisements when the call "leads" the recipient to other materials. See e.g., Paldo Sign and Display Co. v. Wagener Equities, Inc., 67 F.Supp.3d 874 (N.D. Ill. 2014); Herrick v. QLess, Inc., 2016 F.Supp.3d 816, 819-20 (E.D. Mich. 2016); Drug Reform Coordination Network, Inc. v. Grey House Pub., Inc., 106 F.Supp.3d 9, 13 (D. D.C. 2013).

Consequently, because the court concludes that the Day Two Call is an advertisement and requires express written consent, which plaintiff undisputedly did not give, plaintiff would be entitled to statutory damages for each Day Two Call he received. As noted, however, it is unclear how many, if any, such calls plaintiff received.

Unlike the Day Two Call, the Day Six Call makes no reference to any email or other material. Thus, whether it constitutes an advertisement depends entirely on the content of the call. That call was simply a reminder that the recipient had already received the free gift and that there were a limited number of days left to activate it. The call itself neither includes nor introduces the commercial availability of any product. Plaintiff argues that the call directs the recipient to press 1, at which time the recipient is connected to a sales agent that pitches defendants' insurance products. But what happens when a recipient presses 1 (plaintiff did not) is hotly contested and cannot support a finding on summary judgment that the call constitutes an advertisement.

Because the Day Six Call is not an advertisement, defendants did not need the express written consent to place it. They did need, however, prior express consent in some form. 47 U.S.C. § 227(b)(1)(A)(iii). Express consent is an affirmative defense on which the defendant bears the burden of proof. Blow v. Bijora, Inc., 855 F.3d 793, 803 (7th Cir. 2017). When the plaintiff moves for summary judgment on an entire claim, as in the instant case, "it is necessarily

6

also moving for summary judgment on an affirmative defense to that claim. It is therefore incumbent on a defendant that wishes to prevent entry of summary judgment on the claim to come forward with evidence showing the existence of a genuine factual dispute concerning an affirmative defense that, if ultimately successful, would defeat the claim. If the defendant does not come forward with such evidence, and a plaintiff otherwise shows that it is entitled to judgment as a matter of law on his claim, then the affirmative defense is extinguished." United Cent. Bank v. Wells Street Apartments, LLC, 957 F.Supp.2d 978, 987-8 (E.D. Wisc. 2013). "Defendants have the burden of proof on their affirmative defenses, and summary judgment is the time for the party with the burden of proof to show it has some evidence such that a jury could find in its favor." Design Basics, LLC v. Best Built, Inc., 223 F.Supp.3d 825, 837 (E.D. Wisc. 2016).

To show that plaintiff consented, defendants point to their nationwide policies and procedures, under which the adoption agencies are trained to obtain the adopter's consent to be contacted about the 30-day Gift of Insurance. PTZ allows the agencies to use its proprietary software ("PetPoint") to complete the adoption process. That software requires that the agencies obtain the adopter's phone numbers and tell the adopters that if they "opt-in" to receive communications from Pethealth they would receive communications about the free gift.

All this establishes, however, is that plaintiff gave the adoption agency his phone number (which is undisputed) and that he agreed to receive communications from Pethealth (again undisputed). All of the paperwork and computer screen shots indicate, however, that those communications would be by "mail or email." Defendants have no evidence that even remotely suggests, let alone would support a jury verdict, that plaintiff Legg ever expressly agreed to

7

receive pre-recorded telephone communications. Consequently, defendants are unable to demonstrate a genuine issue for trial and plaintiff is entitled to summary judgment against PTZ (24PetWatch) for having admittedly placed the four calls that plaintiff undisputedly received. Therefore, plaintiff is entitled to statutory damages from PTZ in the amount of $2,000. Additionally, plaintiff has argued that defendant PTZ's violations were willfully and knowingly made, because it knew it was calling cellular numbers or at least had no protections in place to avoid doing so, entitling plaintiff to treble damages under 47 U.S.C. § 227(b)(3). Because defendants have not responded to this request, they have waived any argument to the contrary. Judgment will be entered for plaintiff against PTZ in the amount of $6,000.

Finally, plaintiff seeks judgment against Pethealth, arguing that it is either directly liable or vicariously liable under the theories of actual authority, apparent authority, or ratification. The extent of Pethealth's involvement in the robocalling program is, however, hotly disputed. For example, there is conflicting evidence as to which entity under the Pethealth umbrella: (1) created the message used in the calls; (2) owned the equipment used to place the calls; (3) leased or subscribed to the phone lines used to make the calls; (4) employed the individuals who initiate the calls; and (5) offered the free gift. And, there is conflicting evidence as to the amount of control, if any, Pethealth exerts over PTZ. Consequently, the court concludes that plaintiff has failed to carry its burden for summary judgment against Pethealth.

## CONCLUSION

For the reasons described above, plaintiff Legg's motion for summary judgment (Doc. 304) is granted as to defendant PTZ Insurance and denied as to Pethealth, Inc. Plaintiff Legg is awarded statutory damages against PTZ in the amount of $6,000.

**ENTER:** **August 15, 2018**

United States District Judge

**Robert W. Gettleman**