**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER LEGG, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 14-cv-10043 |
| v. | Judge Robert Gettleman |
| PTZ INSURANCE AGENCY, LTD., and Illinois corporation, and PETHEALTH, INC., a Delaware Corporation, | Magistrate Judge Young B. Kim |
| Defendants. | |

**ORDER GRANTING FINAL APPROVAL**

The Court having held a Final Approval Hearing on October 31, 2019, notice of the hearing having been duly given in accordance with this Court's Order (1) Preliminarily Approving Class Action Settlement, (2) Conditionally Certifying a Settlement Class, (3) Approving Notice Plan and (4) Setting Final Approval Hearing (the "Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Approval Order and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. The Settlement Agreement and Release dated May 8, 2019, including its Exhibits (the "Agreement"), and the definition of words and terms contained therein, are incorporated by reference and are used hereafter. The terms and definitions of this Court's Preliminary Approval Order (Dkt. No. 463) are also incorporated by reference into this Final Approval Order.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all Settlement Class Members with respect to the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order, as follows:

> All persons in the United States who were called on their cell phone using an artificial or prerecorded voice to play a Day 2 or Day 6 message, from October 16, 2013, through November 30, 2016.

3. The Court hereby finds that the Agreement is the product of arm's length settlement negotiations between Plaintiff, PTZ and Pethealth.

4. The Court hereby finds and concludes that Class Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Agreement and that the Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

5. The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the

circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Agreement and this Final Approval Order.

6. There were no objections to the Agreement.

7. The Court hereby finally approves the Agreement and finds that the terms constitute, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure.

8. The Court hereby finally certifies the Settlement Class for settlement purposes. The Court finds for settlement purposes that the Action satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure.

9. The Court hereby approves the plan of distribution for the Settlement Fund as set forth in the Agreement. The Class Administrator will pay a pro rata portion of the Settlement Fund to each class member that submits a timely and valid claim form, after approved attorneys' fees and costs awarded to class counsel, approved incentive award and class administrative expenses. Class members will submit claim forms that shall be signed "under oath" that the information is "true and correct to the best of my knowledge and belief." There will be a second distribution to pay any uncashed checks paid pro rata to the class members who cashed their checks unless the administrative costs to make a second distribution outweigh the second distribution in which case, the parties shall designate a cy pres recipient approved by the Court.

10. This Court hereby dismisses this Action, with prejudice, without costs to any party, except as expressly provided for in the Agreement.

11. As of the Effective Date, the Plaintiff and each and every one of the Settlement Class Members unconditionally, fully and finally release and forever discharge the Released Parties from the Released Claims as fully set forth in the Agreement. In addition, any rights of Plaintiff and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable or equivalent laws will be terminated.

12. The Agreement (including any and all exhibits attached thereto) and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by PTZ or Pethealth or the truth of any of the claims. Defendants do not admit that Plaintiff or the proposed Settlement Class were damaged in any way, and in fact expressly deny the same. Defendants do not admit any liability, wrongdoing, or fault, and this Settlement should not be construed in whole or in part as an admission on the part of Defendants of any liability, wrongdoing, or fault. Defendants agree to seek approval of this settlement to avoid the burden and expense of litigation, only.

13. If for any reason whatsoever this Settlement fails to become effective for any reason, the certification of the Settlement Class shall be void and the Parties and the Action will return to the status quo as it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding. No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiff, any person in the Settlement Class, PTZ, Pethealth or any other person to establish liability, any defense

and/or any of the elements of class certification, whether in the Action or in any other proceeding.

14. In the event for any reason, the settlement agreement is terminated or fails to become effective, then it shall be null and void, and no stipulation, representation or assertion of fact made in the settlement agreement or in the Term Sheet may be used by any Party. The Parties shall, to the fullest extent possible, be returned to their respective positions in the Litigation as of the date of the Agreement, and Defendants will not be deemed to have waived any of their personal jurisdiction defenses.

15. In the event that any provision of the Agreement or this Final Approval Order is asserted by PTZ or Pethealth as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

16. Class Counsel have moved pursuant to FED. R. CIV. P. 23(h) and 52(a) for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

(a) that the settlement confers substantial benefits on the Settlement Class Members;

(b) that the value conferred on the Settlement Class is immediate and readily quantifiable (upon this Judgment becoming Final (as defined in the Agreement), Settlement Class Members who have submitted valid Settlement Claim Certification Forms will receive cash payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the Telephone Consumer Protection Act ("TCPA");

(c) that Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

(d) that the settlement was obtained as a direct result of Class Counsel's advocacy;

(e) that the settlement was reached following extensive negotiation between Class Counsel and Counsel for PTZ and Pethealth, and that the settlement was negotiated in good-faith and in the absence of collusion;

(f) that Settlement Class Members were advised in the Class Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees in the amount in an amount of up to $1,911,960 and reasonable expenses incurred in the prosecution of the Litigation, to be paid from the Settlement Fund;

(g) that no members of the Settlement Class have submitted written objections to the award of attorneys' fees and expenses;

(h) that counsel who recover a common benefit for persons other than himself or his

85053

client is entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Sutton v. Bernard,* 504 F.3d 688, 691 (7th Cir. 2007) ("the attorneys for the class petition the court for compensation from the settlement or common fund created for the class's benefit"). In the Seventh Circuit district courts must approximate the fees that the lawyers and their clients would have agreed to at the outset of the litigation given the suit's risks, competitive rates in the market, and related considerations. *See Birchmeier v. Caribbean Cruise Line, Inc.*, 896 F.3d 792, 796-97 (7th Cir. 2018) (affirming attorney fees in TCPA class action of 36% of the first $10 million, 30% of the next $10 million, and 24% of the next $34 millionciting.) Accordingly, Class Counsel are hereby awarded $1,911,960 for attorney fees and $21,000.31 for reimbursed expenses from the balance of the Settlement Fund, which the Court finds to be fair and reasonable as well as approximate to the fees that the lawyers and their clients would have agreed to at the outset of the litigation given the suit's risks, competitive rates in the market, and related considerations and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement.

17. The Class Representative, as identified in the Preliminary Approval Order, is hereby compensated in the amount of $20,000 for his efforts in this case. *See Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (recognizing that "because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit"); *In re Synthroid Mkt. Litig.* ("*Synthroid I*"), 264 F.3d 722, (7th Cir. 2001) ("Incentive awards are justified when necessary to induce individuals to become named representatives.").

18. Any uncashed checks will be redistributed to the valid claimants who cashed their checks unless it is not feasible. If it is not feasible or if there remains money after the second

distribution, the remaning the money be donated to the National Consumer Law Center earmarked for working to safeguard the protections of the TCPA as a *cy pres* beneficiary. The class notice identified this organization and no class member objected. The Seventh Circuit requires that any potential cy pres be closely aligned with the Class' interest. *Ira Holtzman, C.P.A., & Assocs. v. Turza*, 728 F.3d 682, 689 (7th Cir. 2013) ("Money not claimed by class members should be used for the class's benefit to the extent that is feasible.") As such, courts have determined that cy pres awards to NCLC are appropriate in TCPA actions where funds are earmarked for TCPA purposes, as they are here. *See Legg v AEO*, 14-cv-02440-VEC (S.D. NY 2017)(TCPA)(Approving NCLC for TCPA class case); *Willett, et al. v. Redflex Traffic Systems, Inc., et al.*, Case No. 13-cv-01241-JCH-RHS (D.NM 10/24/16)(TCPA)(Same); *In re Convergent Outsourcing, Inc. Telephone Consumer Protection Act Litigation,* Master Docket No. 3:13-cv-1866-AWT (D. Conn. November 10, 2016)(Same).

**IT IS SO ORDERED,
ADJUDGED AND DECREED.**

Dated: October 31, 2019

_____
Honorable Robert Gettleman

85053